COPY

FILED

2012 NOV -7 PM 3: 45

CLERK U.S. DISTRICT COURT
C_____L D___T OF CALIF.
LOS A_____

BY_____

1 | Aidan W. Butler (SBN 208399)
Attorney at Law
2 | 3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
3 | Telepehone: (213) 388-5168
Telecopier: (213) 388-5178
4 | tocontactaidan@gmail.com

5 | Attorneys for Plaintiff JULIE HANSON

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **CV12-09554 MWF (RZx)**

11 | JULIE HANSON, an individual,            **CASE NO.:**

12 |

13 |                    Plaintiff,           **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**

14 |         vs.

15 |                                         **1) THE FAIR DEBT COLLECTION PRACTICES ACT;**

16 | PROFESSIONAL COLLECTION
CONSULTANTS, a California               **2) THE ROSENTHAL ACT; AND**
17 | corporation; CLARK GAREN, an
individual; and DOES 1 through 10,      **3) MALICIOUS PROSECUTION.**
inclusive,
18 |

19 |                                         **DEMAND FOR JURY TRIAL**

20 |                    Defendants.

21 | _____

22 | **I. JURISDICTION AND VENUE.**

23 |      1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, and under 15

24 | U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the

25 | state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in

26 | that Plaintiff's claim arose in this District.

27 |

28 |

1                              COMPLAINT

## II. THE PARTIES.

2. The plaintiff, JULIEHANSON (hereinafter "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California, county of Los Angeles.

3. Defendant PROFESSIONAL COLLECTION CONSULTANTS (hereinafter "PCC") is an at all times relevant herein was a California corporation.

4. Defendant CLARK GAREN (hereinafter "GAREN") is and at all times relevant herein was a lawyer licensed in the State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. PCC, CLARK GAREN, and DOES 1 through 5 are a debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and PCC and DOES 1 through 5 are also debt collector within the meaning of the Rosenthal Fair Debt Collection Practices Act., California Civil Code section 1788.02( c).

/ / /

/ / /

## III. FACTUAL ALLEGATIONS.

8. On August 2, 2012, PCC filed a consumer collection lawsuit against Plaintiff in the Los Angeles Superior Court, Chatsworth Courthouse.  The case was numbered 11A05087.  (From here on, that case will be referred to as "the State Case.")  By filing the State Case, PCC sought to collect an alleged credit card debt incurred primarily for personal, family, and/or household use.

9. During the pendency of the State Case, PCC was represented by the Law Offices of Clark Garen, which was described on PCC's pleadings as a "salaried employee of PCC."

10. PCC pursued the case to a bench trial, which took place August 6, 2012.

11. During discovery and at trial, PCC produced a series of assignments – or portions of assignments – and attachments, based upon which PCC claimed ownership of the debt and standing to sue JULIE HANSON.  PCC, through its vice-president, Todd Shields, verified the documents under penalty of perjury; likewise, at trial, PCC's sole witness testified under oath that the documents were genuine and true.  The chain of title, according to PCC, was as follows:

a) Chase Bank USA, N.A. to Turtle Creek Asets, Ltd.

b) Turtle Creek Assets, Ltd. ("by and through its general partner, Forward Properties International, Inc.") to Wireless Receivables Acquisition Group, LLC.

c) Wireless Receivables Acquisition Group, LLC, to PCC.

12. Assignments (a) and (b) occurred – according to those documents – on January 12, 2011, and February 4, 2011, respectively.

13. Neither assignments (a) nor (b) made any specific reference to plaintiff JULIE HANSON, or her account number.   When PCC presented those two assignments (or portions thereof) to JULIE HANSON in verified discovery responses, and to the Los Angeles Superior Court in sworn testimony at trial, PCC affixed to the assignments two duplicate copies of the same one-line data record, but portrayed them as accurate copies of excerpts from two different data files.

COMPLAINT

14. Assignment ( c) – the one from Wireless Receivables Acquisition Group, LLC, to PCC, the plaintiff in the State Case – reflected neither the date of the purported assignment, nor the date that it was purportedly signed.   Unlike assignments (a) and (b), it specifically referred to JULIE HANSON by name, and listed her entire 16-digit account number.  Assignment ( c) bore the name and signature of CLARK GAREN, who was identified under the signature line as the "Managing Member" of Wireless Receivables Acquisition Group, LLC, the purported assignor.[1]

15. At trial, PCC's representative – and its sole witness – twice conceded in sworn testimony that the assignment from Wireless Receivables Acquisition Group, LLC to PCC took place on February 3, 2011 – in other words, one day *before* the assignment from Turtle Creek Assets, Ltd. to Wireless Receivables Acquisition Group, LLC took place.  Thus according to PCC's trial witness, on the date the assignment to PCC took place, its purported assignor had itself not yet been assigned the debt allegedly owed by JULIE HANSON.

16.  After reviewing the documentary evidence, testimony from the parties, and hearing argument from counsel, Judge Kralik entered judgment in favor of JULIE HANSON in the State Case.

## FIRST CLAIM FOR RELIEF
(For Violations of the Fair Debt Collection Practices Act Against PCC, GAREN, and DOES 1 through 5, inclusive)

17. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

---

[1]     As alleged above in paragraph 8, PCC's attorney of record in the State Case was "Law Offices of Clark Garen."

18. Within the past year, PCC, GAREN and DOES 1 to 5, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10), including but not limited to fabricating assignment ( c) in response to JULIE HANSON's discovery requests, and attempting to bolster assignments (a) and (b) by attaching to both assignments the same one-line data record, and misrepresenting under oath that the one duplicated record was actually true and correct copies of two separate records;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1); and

d) Making false representations of the legal status of the debt, in violation of 15 U.S.C. §1692e(2)(A).

19. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

///
///
///
///
///

COMPLAINT

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against PCC

and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 19 above.

21. Within the past year, PCC and DOES 1 - 5, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10), and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f, and California Civil Code section 1788.17;

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1), and California Civil Code section 1788.17;

d) Making false representations of the legal status of the debt, in violation of 15 U.S.C. §1692e(2)(A), and California Civil Code section 1788.17; and

e) Failing to make the disclosure required under 1812.700(a).

22. As a direct and proximate result of the actions of the defendants, and each of them, Plaintiff has suffered actual damages, in an amount subject to proof at the time of trial.

23. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

# THIRD CLAIM FOR RELIEF

## (For Malicious Prosecution Against PCC
## and DOES 1 through 5, inclusive)

24. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 23 above.

25. Defendants filed the State Case without probable cause, and continued to pursue the State Case after realizing they lacked probable cause. Defendants pursued the State Case knowing that their claims lacked merit, and knowing that they had no evidence supporting their claims against JULIE HANSON, and knowing that they could not meet their burden of persuasion without fabricating supporting documents.

26. As a direct and proximate result of the conduct of the defendants, and each of them, Plaintiff has been harmed in an amount subject to proof at trial.

27. Defendants' conduct was wanton, fraudulent, willful and oppressive, thus entitling Plaintiff to punitive and/or exemplary damages under California Civil Code section 3294.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the defendants as follows:

1. Punitive and/or exemplary damages;

2. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

3. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

4. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c)

5. General damages, with prejudgment interest as permitted by law; and

6. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff requests a trial by jury.

DATED: November 5, 2012

Respectfully submitted,

By: _____
Aidan W. Butler
Attorney for Plaintiff
JULIE HANSON

8                    COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 9554 MWF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

COPY

Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Blvd., Suite 1924
Los Angeles, CA 90010
Tel. (213) 388 - 5168; Fax (213) 388 - 5178
tocontactaidan@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HANSON, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>PROFESSIONAL COLLECTION CONSULTANTS, a California corporation; CLARK GAREN, an individual; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-09554**-MWF(RZx)<br><br><br><br>SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Aidan W. Butler_____, whose address is __3550 Wilshire Blvd., Suite 1924, Los Angeles, CA 90010 Tel. (213) 388 - 5168_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____NOV - 7 2012_____

By: _____ANDRES PEDRO_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                                SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>JULIE HANSON, an individual | DEFENDANTS<br>PROFESSIONAL COLLECTION CONSULTANTS, a California corporation;<br>CLARK GAREN, an individual; and DOES 1 through 10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Aidan W. Butler (SBN 208399)<br>3550 Wilshire Blvd., Suite 1924, Los Angeles, CA 90010<br>Tel. (213) 388-5168; Fax (213) 388-5178; tocontactaidan@gmail.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    JURY DEMAND: ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ No amount specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Fair Debt Collection Practices Act; 15 U.S.C. section 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: _____ CV12-09554

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Professional Collection Consultants) | Nevada (Clark Garen) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 6, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |